```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
                                                                    :
STRIKE 3 HOLDINGS, LLC,                                             :
                                                                    :
                              Plaintiff,                            :      22-cv-10694 (LJL)
                                                                    :
            -v-                                                     :      MEMORANDUM AND
                                                                    :            ORDER
 JOHN DOE, subscriber assigned IP address                           :
 66.65.32.21,                                                       :
                                                                    :
                              Defendants.                           :
                                                                    :
                                                                    :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/04/2023

LEWIS J. LIMAN, United States District Judge:

John Doe, subscriber assigned IP address 66.65.32.21, ("Doe") moves to vacate this Court's January 6, 2023 Order granting Plaintiff Strike Three Holdings, LLC's ("Plaintiff") request to serve a Rule 45 subpoena on Doe's internet service provider ("ISP") and to quash the subpoena. Dkt. No. 11. The subpoena requested that the ISP turn over documents identifying Doe's name and address. Dkt. No. 10 at 2.

According to the complaint, Plaintiff is the owner of award-winning, critically acclaimed adult motion pictures which are available on its subscription-based websites and are licensed to popular broadcasters. Dkt No. 1 ¶¶ 2, 16. The name and address of Doe is unknown. Through investigation, Plaintiff has determined that Doe, using the IP address 66.5.32.21 (the "IP Address") and a peer-to-peer sharing network named the BitTorrent File Distribution Network, illegally downloaded and distributed Plaintiff's copyrighted motion pictures. *Id.* ¶¶ 31, 46–47. In particular, Plaintiff has identified that Doe illegally downloaded 27 digital media files, each corresponding to a different copyrighted work of Plaintiff. *Id.* ¶ 40. Each of the works has been

registered with the United States Copyright Office. *Id.* ¶ 48. Each of the works is identified in Exhibit A to the complaint with relevant copyright information for each work, including the date of publication, the date of registration, and the work's copyright registration number. *Id.* ¶¶ 43, 45.[1] Plaintiff filed its complaint on December 19, 2022, and brings a single claim for direct copyright infringement. *Id.* ¶¶ 50–55.

On January 6, 2023, the Court granted Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 26(d)(1), to serve a subpoena in advance of discovery on the ISP for the name and address of the subscriber associated with the IP Address. Dkt. No. 8. The Court found: (1) Plaintiff made a prima facie showing of copyright infringement; (2) Plaintiff's request for the name and address was sufficiently specific; (3) Plaintiff had shown that it could not obtain the information any other way; (4) the information was needed to advance Plaintiff's claim in that unless the ISP identified the user, the case could not move forward; and (5) Doe—as a person sharing copyrighted material—had a minimal expectation of privacy. *Id.* at 2–3. The Court also issued a protective order, directing the ISP to serve Doe with a copy of the subpoena and according Doe sixty days from the date of service of the subpoena to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) as well as any request to litigate the subpoena anonymously. *Id.* at 8. Doe filed this motion pro se on March 29, 2023. Dkt. No. 11.

"The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." *Pegoraro v. Marrero*, 2012 WL 1948887, at *4 (S.D.N.Y. May 29, 2012) (quoting *Jones v. Hirschfeld*, 219 F.R.D. 71, 74–75 (S.D.N.Y. 2003)). Federal Rule of Civil Procedure

---

[1] Plaintiff has intentionally omitted the title of the work from the public filing due to the adult nature of the content but represents that it can provide the titles to the Court or any party upon request. *Id.* ¶ 45.

45(d)(3)(A) provides that the court must quash a subpoena when it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).  The Court construes Doe's pro se submission liberally "to raise the strongest arguments [it] suggests." *Strike 3 Holdings, LLC v. Doe*, 2018 WL 2371730, at *1 (S.D.N.Y. May 23, 2018) (citation omitted).

Doe argues that the subpoena presents an undue burden, seeks information not directed to advancing Plaintiff's claim, and is not relevant to a claim or defense. *Id.* at 1–2.  Doe makes essentially two arguments: (1) the lawsuit was filed, and hence the subpoena was served, in bad faith not because Plaintiff seeks to protect its copyrighted material but to coerce a settlement from a party who would prefer to pay rather than to have his or her name publicly disclosed as downloading pornographic materials; and (2) the subpoena is unlikely to yield the identity of a person who downloaded the material because it is common for more than one person to use the same internet connection and the same IP address.  *Id.*[2]

The Court has considered Doe's arguments and rejects them essentially for the reasons stated by the Honorable Elizabeth A. Wolford in *Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246 (W.D.N.Y. Nov. 26, 2018), and the Honorable Valerie E. Caproni in *Strike 3 Holdings, LLC v. Doe*, 2018 WL 2371730.  "Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden." *Strike 3 Holdings, LLC*, 337 F. Supp. 3d at 252 (citation omitted).  Because the

---

[2]  The Court is dubious that Doe has standing to address the subpoena on undue burden grounds but addresses the merits in any event.  *See Strike 3 Holdings, LLC*, 2018 WL 2371730, at *2

subpoena does not obligate Doe to do anything, Doe cannot object to it on the grounds of undue burden. *Strike 3 Holdings, LLC*, 2018 WL 2371730, at *2. The burden of the subpoena falls on the ISP and not on Doe. Even if Doe could make such an objection, Doe has not articulated grounds upon which the Court could consider the limited burden that the subpoena imposes to be overbroad.

"Additionally, because the subpoena seeks only [Doe]'s name and address, [Doe] cannot raise a plausible claim of privilege or right that the subpoena would impair." *Id.*

Doe also has not offered evidence to refute that the subpoenaed information is necessary for Plaintiff to advance his claim. If it is true that the IP Address was used by others, and not Doe, to download the copyrighted material, that may prove a persuasive defense to Plaintiff's claim. "[H]owever, Defendant's general denial of liability is not a proper basis for quashing a subpoena." *Strike 3 Holdings, LLC*, 337 F. Supp. 3d at 255. "[T]his subpoena will allow Plaintiff to obtain the information necessary to serve Defendant with the Complaint in this action, thereby allowing Defendant to defend herself against Plaintiff's accusations. Under these circumstances, Plaintiff's subpoena is entirely proper." *Strike 3 Holdings, LLC*, 2018 WL 2371730, at *2. In short, Plaintiff has given the Court no reason to reconsider its findings in its January 6, 2023 Order.

At bottom, Doe's motion is based on the concern that if his name and address are disclosed, the Defendant may use that information—and the threat to publicly disclose it—to coerce a settlement even if Doe did not access the material in question. Doe has offered no evidence to support that concern in this case and it is substantially undermined by Plaintiff's agreement that Defendant may proceed anonymously if Doe wishes to do so. Doe has not made

4

such a request and thus the Court denies the request by Plaintiff—on Doe's behalf—that Doe be granted permission to proceed anonymously.

Finally, Doe's reliance on the order of the Honorable Alvin K. Hellerstein in *Strike 3 Holdings, LLC v. John Doe*, 17 Civ. 8956 (S.D.N.Y. Mar. 8, 2018), ECF No. 15, is unavailing. Judge Hellerstein granted the motion to quash in that case solely on the grounds that neither the complaint nor the exhibit attached to it gave the registration numbers for the copyrighted works at issue and thus failed to state a claim to relief plausible on its face. *See Strike 3 Holdings, LLC*, 337 F. Supp. 3d at 253–54 (distinguishing Hellerstein decision).

The motion to quash is denied.

SO ORDERED.

Dated: April 4, 2023
New York, New York

                                        LEWIS J. LIMAN
                                   United States District Judge